UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| M.G., et al., | CASE NO. C23-5175 BHS |
| Plaintiffs, | ORDER |
| v. | |
| BAINBRIDGE ISLAND SCHOOL DISTRICT #303, et al., | |
| Defendants. | |

THIS MATTER is before the Court on Plaintiffs M.G., Samantha Gerlach, and Suzanne Gerlach's[1] Motion for Recusal under 28 U.S.C. § 144. Dkt. 12.

Gerlach argues that Judge Settle cannot satisfy the due process "appearance of justice" requirement for two reasons: first, she and her attorney, Marcus Gerlach (apparently related, but not a party), "require[] a different judge based on past dealings" with Judge Settle, *id*. at 3; second, Gerlach asserts that Judge Settle was the subject of a September 2021 Wall Street Journal Article which "asserted that [he] was one of 130

---

[1] The Court will refer to the plaintiffs in the singular, feminine "Gerlach" for clarity and ease of reference.

ORDER - 1

federal judges who allegedly violated U.S. law and judicial ethics" by presiding over a case involving a company in which he held stock, *id*. at 2. Gerlach asserts[2] that the case "must be heard by a judge who was not previously accused of violations of judicial ethics and conflicts of interest." *Id*.

A federal judge should recuse himself if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (internal quotation omitted); *see also* 28 U.S.C. § 144; 28 U.S.C. § 455. This objective inquiry is concerned with whether there is the appearance of bias, not whether there is bias in fact. *See Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991); *see also United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). "In the absence of specific allegations of personal bias, prejudice, or interest, neither prior adverse rulings of a judge nor his participation in a related or prior proceeding is sufficient" to establish bias. *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

---

[2] Marcus Gerlach's declaration, attached to the recusal motion, also asserts that, on February 17, 2023, Kitsap County Superior Court Judge Jennifer Forbes "assigned herself" to this case before it was removed. Dkt. 12 at 5. Marcus Gerlach asserts that Forbes similarly had a "known adversarial history against [him]" but assigned the case to herself anyway. The import of this assertion in connection with a motion seeking Judge Settle's recusal is not clear.

The Court notes that, a week earlier, Gerlach had also sought disqualification of Kitsap County Superior Court Judge Michelle Adams, to whom this case was originally assigned. That motion was based on Marcus Gerlach's assertion that he had "participated in matters previously before Judge Michelle Adams and is convinced that it is impossible to obtain a fair and impartial trial for the plaintiff." *See* Dkt. 2-40 at 5; *see also* Dkt. 2-52 at 3.

1       Under the Local Rules of this District, a motion for recusal is addressed first to the
2  presiding judge, and if the judge does not recuse voluntarily, the matter is referred to the
3  chief judge for review. *See* Local Rules, W.D. Wash. LCR 3(f).

4       Gerlach's motion for recusal based on the 2021 Wall Street Journal article is
5  denied. That article has nothing to do with Gerlach or the defendants, and it would not
6  lead a reasonable person to question whether this Court has a bias against (or for) any
7  party in this case.

8       The other basis for recusal appears to be the fact that this Court presided over a
9  prior litigation involving Marcus and Suzanne Gerlach as plaintiffs, *Gerlach v. City of*
10 *Bainbridge Island*, No. 11-cv-5854-BHS. The Court dismissed some of the Gerlachs'
11 claims on summary judgment and remanded others to state court. *Id.*, Dkt. 23. The Ninth
12 Circuit affirmed. *Id.*, Dkt. 46.

13      Gerlach does not directly assert that the Court's prior rulings are evidence of bias,
14 or that they are enough to cause a reasonable person to question whether the Court is
15 biased. She asserts instead that her attorney "requires a different judge based on past
16 dealings." Dkt. 12 at 3.

17      But prior rulings are "almost never" a valid basis for a recusal motion. *Liteky*, 510
18 U.S. at 555. Gerlach argues that, because the Court ruled against her as a party a decade
19 ago, it must recuse itself as apparently biased in any future cases. She cites no authority
20 for that position, and there is none. Such a rule would be unworkable and impractical. It
21 would mean that no judge could hear a case involving a party or an attorney who had lost
22 in that court previously.

1 | Gerlach has not described any fact from which a reasonable observer would
2 | conclude that the Court's impartiality in this case might reasonably be questioned. She
3 | has identified no conflict of interest. The Court will not recuse itself from this case
4 | voluntarily based on the Court's involvement with a prior case involving Gerlach, or on
5 | the contents of the Wall Street Journal article. There is no evidence supporting the
6 | conclusion that a reasonable person might question the Court's impartiality in this case.
7 | Under LCR 3(f), this matter is **REFERRED** to Chief Judge Estudillo for review.
8 |     IT IS SO ORDERED.
9 |     Dated this 21st day of March, 2023.

BENJAMIN H. SETTLE
United States District Judge