UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| M.G. et al., <br><br> Plaintiff, <br><br> v. <br><br> BAINBRIDGE ISLAND SCHOOL DISTRICT #303, <br><br> Defendant. | CASE NO. 3:23-cv-05175-BHS <br><br> ORDER DENYING PLAINTIFFS' MOTION FOR RECUSAL |

## I     INTRODUCTION

This matter comes before the Court following referral by United States District Judge Benjamin H. Settle (Dkt. No. 14) of Plaintiffs' motion for recusal (Dkt. No. 12). For the reasons stated herein, the Court AFFIRMS Judge Settle's decision.

## II     BACKGROUND

Plaintiffs Suzanne Gerlach, Samantha Gerlach, and M.G. sue Bainbridge Island School District for allegedly protecting the perpetrators of cyber-stalking/harassment acts against M.G. (Dkt. No. 1-2 at 2.) Suzanne Gerlach and Samantha Gerlach are M.G.'s mother and sibling

ORDER DENYING PLAINTIFFS' MOTION FOR RECUSAL - 1

respectively. (*Id.*) All Plaintiffs are represented by Marcus Gerlach, who, although apparently related, is not a party. (Dkt. No. 14 at 1.)

Plaintiffs moved for Judge Settle to voluntarily recuse himself, arguing "Plaintiffs must be comfortable presenting evidence before a judge without ethical claims or past dealings with [Plaintiffs.]" (Dkt. No. 12 at 4.) Specifically, Plaintiffs claim Judge Settle's impartiality may be reasonably questioned because Judge Settle has "had prior dealings" with Plaintiffs and was listed in a Wall Street Journal article from September 2021 as allegedly "overseeing court cases involving companies in which they or their family owned stock." (*Id.* at 2.)

### III     DISCUSSION

Local Civil Rule 3(f) requires a challenged judge to review motions filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455 and to determine whether to recuse voluntarily. LCR 3(f). If the challenged judge declines to recuse voluntarily, they must direct the court clerk to refer the motion to the chief judge for their review. *Id.*

28 U.S.C. § 455(a) provides that a judge of the United States shall disqualify himself or herself in any proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). 28 U.S.C. § 144 similarly requires recusal when a party to a proceeding in district court files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The standard for recusal under both statutes is the same—"[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks omitted). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Liteky v. United*

*States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Applying this standard, Judge Settle denied Plaintiffs' motion for recusal based on the 2021 Wall Street Journal article and prior litigation involving Marcus and Suzanne Gerlach as plaintiffs. (Dkt. No. 14 at 2.) This Court agrees. The 2021 Wall Street Journal article is not relevant to this case nor would it lead a reasonable person to question whether Judge Settle is biased towards Plaintiffs. Further, the fact that Judge Settle ruled against Plaintiffs in a prior litigation does not provide evidence of bias as prior adverse rulings are almost never sufficient to establish bias necessary for recusal absent further evidence of deep-seated prejudice. *See McTiernan*, 695 F.3d at 891–92. As a result, the Court ORDERS that Judge Settle's refusal to recuse himself from this matter is AFFIRMED.

## IV   CONCLUSION

Accordingly, the Court hereby ORDERS Judge Settle's refusal to recuse himself from this matter (Dkt. No. 14) is AFFIRMED.

Dated this 10th day of April, 2023.

David G. Estudillo
United States District Judge