UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| M.G., et al., | CASE NO. 3:23-cv-05175-BHS |
| Plaintiffs, | ORDER |
| v. | |
| BAINBRIDGE ISLAND SCHOOL DISTRICT #303, et al., | |
| Defendants. | |

THIS MATTER is before the Court on the following motions: Defendant Washington State HOSA's Motion to Dismiss, Dkt. 15; Plaintiffs M.G., Samantha Gerlach, and Suzanne Gerlach's Motion to Remand, Dkt. 13; Gerlach's[1] Motion to Amend as a matter of course, Dkt. 19; and Defendants Bradshaw and Wilson's Joint Special Motion for Expedited Relief under the Uniform Public Expression Protection Act (UPEPA), RCW 4.105.020, Dkt. 22.

---

[1] Unless the context requires otherwise, this order will refer to the plaintiffs in the singular, masculine "Gerlach" for clarity and ease of reference.

ORDER - 1

1     Plaintiff M.G. is a former Bainbridge Island High School student. He claims that HOSA, a club at Bainbridge Island High School, the district, and two former students, Bradshaw and Wilson, defamed him, discriminated against him in violation of Washington's Law Against Discrimination (WLAD), were negligent, violated various federal criminal laws, and defrauded him. He and his family seek $11,000,000—trebled—and attorneys' fees. Dkt. 1-2 at 21–22. Gerlach sued these defendants in Kitsap County Superior Court in January 2023. Based on Gerlach's federal (criminal) law claims, defendant Bainbridge Island removed the matter here. Dkt. 1.

    Gerlach's Motion to Remand is based primarily on his claim that Bainbridge Island has not yet been served, and that a non-served party cannot remove a case to federal court. Dkt. 13 at 5 (citing *Woods v. Ross Dress for Less*, 833 F. App'x 754, 756 (10th Cir. 2021)).[2] This argument has been mooted by subsequent events. Bainbridge Island was served on April 4. Dkt. 21. It would be fruitless to remand the case only for Bainbridge Island to properly remove it again.

    Gerlach's Motion to Amend correctly points out that a plaintiff does not need leave of court, nor his adversary's consent, to amend his complaint once, as a matter of course. Fed. R. Civ. P. 15(a)(1).

---

[2] The Court also notes that *Woods* stand for the exact opposite premise of that which Gerlach attempts to argue. There, the Tenth Circuit concluded the district court erred in failing to consider the non-served party's citizenship in its diversity analysis despite lack of service. *Woods*, 833 F. App'x at 757–59 ("A defendant's citizenship is part of the diversity analysis regardless of whether the defendant has been served.").

ORDER - 2

When he does so in the face of a then-pending motion to dismiss, the latter is mooted. An "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927–28 (9th Cir. 2012). Where a motion to dismiss targets a complaint that has been superseded by an amended complaint, the court should deem the motion to dismiss moot. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

Bradshaw and Wilson argue that their special motion for expedited review automatically stays the case and that the Court should resolve that motion before addressing Gerlach's motions to amend and to remand. Dkt. 22 at 5 n.3; Dkt. 28 at 3 (citing RCW 4.105.030(1) ("*All other proceedings* between the moving party and responding party, including discovery and a pending hearing or motion, are stayed[.]") (emphasis added)).

The Court does not agree that the stay imposed affects its ability to address the other pending motions. Motions that are not related to the UPEPA motion are not stayed, if there is good cause to address them. *See Jha v. Khan*, 24 Wn. App. 2d 377, 405 (2022) (citing RCW 4.105.030(7)). Unlike the plaintiff in *Jha*, Gerlach's motion to amend was unnecessary and his amended complaint is aimed primarily at his own motion to remand, not at Bradshaw and Wilson's UPEPA motion.

The motion to amend was unnecessary because the rules permit one in Gerlach's position to amend his complaint once as a matter of course, without seeking or obtaining leave of court to do so. Gerlach's Motion to Amend, Dkt. 19, is GRANTED and

ORDER - 3

1  Gerlach's Amended Complaint, Dkt. 19, Ex. 1, is the operative complaint. The amended

2  complaint moots HOSA's motion to dismiss, Dkt. 15, which is, accordingly, DENIED.

3  Gerlach's Motion to Remand, Dkt. 13, is GRANTED, but not for the reasons

4  articulated in it; the case was properly removed. This Court had supplemental jurisdiction

5  over Gerlach's core state law claims when Bainbridge Island exercised its right to remove

6  based on Gerlach's express, if plainly implausible, assertion of civil claims under the

7  federal criminal code. 28 U.S.C. § 1367(a). This jurisdictional hook[3] no longer exists, and

8  all that remain are state law claims and, based on the Court's review of Bradshaw and

9  Wilson's well-crafted motion, the gist of the case relates to a novel and possibly complex

10 resolution of a state law defense based on a new version of a Washington state statute,

11 RCW Ch. 4.105. There is no compelling reason for this Court to make that decision. *See*

12 28 U.S.C. § 1367(c).

13 The Court is keenly aware that its decision fails to address the one substantive

14 motion before it and that, unlike the motions it resolves here, that motion addresses the

15 core of the case. Nevertheless, the Kitsap County Superior Court has done more work on

16 this case than this Court has, and the case now involves only state law claims and

17 defenses. Gerlach deleted[4] all references to federal law in his amended complaint, the

---

[3] Bradshaw and Wilson point out that Gerlach's Amended Complaint continues to assert fraud and cyberstalking claims, Dkt. 28 at 4, but those both are (or can be) state law claims. Gerlach asserts that he intended to remove all references to federal law, and the Court accepts that he sought to do so. If an amended pleading or other paper demonstrates this Court's original jurisdiction, Defendants will have an opportunity to remove the case again.

[4] A plaintiff who pleads to avoid federal jurisdiction is no more guilty of improper "forum shopping" than is a defendant who removes a case to federal court. *See Garibaldi v. Lucky Food Stores*, 726 F.2d 1367, 1370 (9th Cir. 984) ("The plaintiff is the master of his or her

case presents complex issues of state law, and there is no extenuating circumstance persuading the Court to retain the case in these circumstances. *See* 28 U.S.C. § 1367(c).

The Court therefore DECLINES to exercise its supplemental jurisdiction over the case under 28 U.S.C. § 1367 and REMANDS the matter to the Kitsap County Superior Court. Bradshaw and Wilson's UPEPA motion, Dkt. 22, is DENIED without prejudice to re-file in state court.

The Clerk shall close the case.

IT IS SO ORDERED.

Dated this 13th day of April, 2023.

BENJAMIN H. SETTLE
United States District Judge

---

own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action.").